IN THE UNITED STATES
CIRCUIT COURT FOR THE
ELEVENTH CIRCUIT

| | |
|---|---|
| **Nicholas Harding,** *Plaintiff-Appellant,*  v.  **Google LLC.,** *Defendant-Appellee* | No. 23-11974 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA 3:23-cv-00321 |

## Appellant's Motion for Panel Rehearing

Nicholas Harding, the appellant in the referenced case, moves this Court for a rehearing of the order dated September 5th, 2023 (Document 21), which dismissed the appeal in this case for lack of jurisdiction.

## Error

This Court erroneously dismissed the present case by applying <u>Am. Express Fin. Advisors, Inc. v. Makarewicz</u>, 122 F.3d 936, 939 & n.4 (11th Cir. 1997) and two other cases with facts that do not match the facts in the present case. This appeal should not have been limited by 9 U.S.C. § 16(b)(1)-(3) as the appeal was taken from issues in the case which are collateral to the compelling of arbitration.

## Jurisdiction

This court has jurisdiction over this appeal of an interlocutory order as the issues on appeal are issues which are *collateral* to the merits of the case, dismissal of the appeal overlooked the appellant's jurisdictional statement (Document 11, Page 4) which outlines why this appeal is not subject to the limitations of 9 U.S.C. § 16(b)(1)-(3).

## Collateral Order Doctrine

The issues in this interlocutory appeal are issues which "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S. Ct. 1221, 1225–26, 93 L. Ed. 1528 (1949)

*Cohen* established the rule that interlocutory orders may be appealed so long as the issue appealed "is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Id.*

The District Court's order appealed from conclusively determined that the parties in this case are diverse and that the District court had jurisdiction (District Court Document 24, Page 4). The diversity of the parties is a jurisdictional issue which is separable from, and collateral to the merits of the case, therefore satisfying the requirements of the Collateral

Order Doctrine established in *Cohen*, which means that this appeal should be allowed to proceed.

## Subject Matter Jurisdiction Dispute

The District Court exercised subject matter jurisdiction based on a claim of complete diversity of the parties under 28 U.S.C. §1332(a). That subject matter jurisdiction is in dispute due to the absence of complete diversity of the parties when citizenship is interpreted under the 14th Amendment's "state wherein they reside" clause. This issue was raised in the District court and the court made a determination separate from, and collateral to the arbitration elements of the case.

Therefore, the appellant urges this court to revisit the order issued on September 5th, 2023 and allow this appeal to proceed.

s/ *[signature]*
NICHOLAS HARDING
4206 Victoria Lakes Drive
Jacksonville, FL 32226
Telephone: (313) 670-6768
nharding@seraphrg.com

Dated: September 7, 2023

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellants certify that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1. Alphabet Inc. (GOOGL) - *Parent Company of XXVI Holdings Inc.*
2. Davis, Judge Brian J. - *District Court Judge*
3. Google LLC - *Appellee*
4. Harding, Nicholas - *Appellant*
5. Kilby, Douglas L. - *Attorney for Google LLC*
6. Merrick Garland – *Attorney General of the United States*
7. Murphy, Hannah E. - *Attorney for Google LLC*
8. Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. - *Law Firm representing Google LLC*
9. XXVI Holdings Inc. - *Parent Company of Google LLC*

s/ *[signature]*
NICHOLAS HARDING
4206 Victoria Lakes Drive
Jacksonville, FL 32226
Phone: (313) 670-6768
nharding@seraphrg.com

Dated: September 7, 2023

**Form 6.**     **Certificate of Compliance With Type-Volume Limit**

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

    1.     This document complies with the type-volume limit of Fed. R. App. P. 40 (b)(1) the word limit of Fed. R. App. P. 40 (b)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

☑    this document contains 625 words, **or**

☐    this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

    2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

☑    this document has been prepared in a proportionally spaced typeface using Office 365 in 14pt Georgia, **or**

☐    this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

(s)_____

Nicholas Harding, Pro Se

Dated: 09/07/23

(As added Apr. 29, 2002, eff. Dec. 1, 2002; amended Apr. 28, 2016, eff. Dec. 1, 2016.)

# Addendum

**Pursuant to 11th Cir. R. 40-1**

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11974

Non-Argument Calendar

_____

NICHOLAS HARDING,

                                           Plaintiff-Appellant,

versus

GOOGLE LLC,

                                           Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-00321-BJD-JBT

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Nicholas Harding appeals from the district court's order granting Google LLC's motion to compel arbitration and staying the case pending the completion of arbitration. The order also directed the parties to routinely file reports on the status of the arbitration proceedings.

An appeal may not be taken from an interlocutory order that compels arbitration and stays, rather than dismisses, the action. 9 U.S.C. § 16(b)(1)-(3); *see Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939 & n.4 (11th Cir. 1997) (dismissing for lack of jurisdiction appeal of an order compelling arbitration, staying proceedings, and administratively closing the case); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87 n.2 (2000) (noting that if the district court had entered a stay, rather than a dismissal, the order would not have been appealable, per 9 U.S.C. § 16(b)(1)). The district court's order here stayed, rather than dismissed, the case and expressly contemplated further proceedings. *Cf. Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014) (noting that administratively closing a case is not the same as dismissing a case and finding that order compelling arbitration was immediately appealable where it "[n]otably . . . did not stay the proceedings, nor did it contemplate any further action on this case").

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICHOLAS HARDING,

    Plaintiff,

v.                                                Case No. 3:23-cv-321-BJD-JBT

GOOGLE LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 22; Report) entered by the Honorable Joel B. Toomey, United States Magistrate Judge on June 5, 2023 and Plaintiff's Objection (Doc. 23) filed June 7, 2023. In the Report, the Magistrate Judge reviewed Defendant's Motion to Compel Arbitration (Doc. 12) and the responsive briefing (Docs. 13, 18, 21). This matter is ripe for review.

The Magistrate Judge recommends that Defendant's motion be granted and that this case be stayed pending arbitration. Report at 1. Plaintiff objects, arguing the Report incorrectly determined Plaintiff is bound by the arbitration clause, that the Report did not consider the public policy objectives of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201–501.213, and that Defendant is a citizen of

Florida and therefore the Court lacks diversity jurisdiction. (See generally Doc. 23).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court does not have to conduct de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); 28 U.S.C. § 636(b)(1).

If, on the other hand, a party files an objection, the district judge must conduct a de novo review of the portions of a magistrate judge's report and recommendation to which the party objects. Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016); 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) (explaining that on dispositive matters, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

## A. Jurisdiction

Federal courts are courts of limited jurisdiction. Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–1280 (11th Cir. 2001). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

The Notice of Removal (Doc. 1) relies on diversity jurisdiction as the basis for this case being heard in federal court. For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 412 (11th Cir. 1999). Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. <u>See</u> 28 U.S.C. §1332(a); <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001); <u>Kirkland</u>, 243 F.3d at 1280.

Plaintiff "claim[s] that Defendant's residence in Florida necessarily and conclusively proves [it] to be a citizen of Florida." (Doc. 23 at 3). This claim is meritless. To sufficiently allege the citizenship of an unincorporated entity or association such as a limited liability company, the party asserting jurisdiction must identify and allege the citizenship of each member of each limited liability company. See <u>Mallory & Evans Contractors & Eng'r, LLC v. Tuskegee Univ.</u>, 663 F.3d 1304, 1305 (11th Cir. 2011); <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1021–22 (11th Cir. 2004) (per curiam).

Here, Defendant is a Delaware limited liability company with its principal place of business in California. (Doc. 1 at 3). Defendant has one, sole, member: XXVI Holdings Inc. Id. XXVI Holdings Inc. is incorporated in Delaware with its principal place of business in California. Id. Contrary to Plaintiff's argument, it does not matter that Defendant has an office in Miami. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"). Plaintiff, a Florida citizen, is diverse from Defendant. In Plaintiff's Complaint, he seeks $700,000 in damages, well exceeding the jurisdictional limit provided in 28 U.S.C. § 1332(a). The parties are diverse, and this Court has jurisdiction.

## B. The Arbitration Clause

Plaintiff argues he opted out of the Dispute Resolution Agreement (DRA) of Google's Advertising Program Terms of Service (Terms). (Doc. 23 at 1). Specifically, Plaintiff argues the Report "failed to consider the realistic impact of Defendant's suspension of Plaintiff's Google Ads account on the opt-out period." Id.

"Under both federal statutory provisions and Florida's arbitration code," courts should consider three factors to determine whether the parties shall be compelled to arbitrate: "(1) whether a valid written agreement to

- 4 -

arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate has been waived." Dye v. Tamko Buil. Prods., Inc., 275 F. Supp. 3d 1314, 1317 (M.D. Fla 2017), aff'd, 908 F.3d 675 (11th Cir. 2018) (citing Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999)). There is a strong federal policy favoring arbitration; thus, the Federal Arbitration Act ("FAA") "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

"Under the [FAA], arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S.Ct. 524, 529 (2019) (citation omitted). The FAA "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." Id. at 527 (citations omitted). "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." Henry Schein, 139 S.Ct. at 528.

The Terms begin with the following provision ending the opening paragraph, with the words in bold in the original document:

> Please read these Terms carefully. They require the use of binding individual arbitration to resolve disputes rather than jury trials or class actions. If Customer wishes, Customer may opt out of the requirement to arbitrate disputes by following the instructions in Section 13(F) below within 30 days of the first acceptance date of any version of these Terms containing an arbitration provision.

(Doc. 12.1 at 7).

The DRA states:

> A. Arbitration of disputes. Google, Customer, and Advertiser agree to arbitrate all disputes and claims between Google and Customer or between Google and Advertiser that arise out of or relate in any way to the Programs or these Terms. This agreement to arbitrate ("Dispute Resolution Agreement" or "Section 13") is intended to be broadly interpreted and includes, for example:
>
> 1. claims brought under any legal theory;
>
> 2. claims that arose before Customer or Advertiser first accepted any version of these Terms containing an arbitration provision;
>
> 3. claims that may arise after the termination of Customer's or Advertiser's Use of the Programs;
>
> 4. claims brought by or against Google, Google affiliates that provide the Programs to Customer or Advertiser, Google parent companies, and the respective officers, directors, employees, agents, predecessors, successors, and assigns of these entities; and
>
> 5. claims brought by or against Customer or Advertiser, the respective affiliates and parent companies of Customer or Advertiser, and the respective officers, directors, employees, agents,

> predecessors, successors, and assigns of these entities.
>
> . . .
>
> Google, Customer, and Advertiser agree that, by entering into this arbitration agreement, all parties are waiving their respective rights to a trial by jury or to participate in a class or representative action. The Federal Arbitration Act governs the interpretation and enforcement of this Dispute Resolution Agreement. With respect to all disputes or claims that arise out of or relate in any way to the Programs or these Terms, this Dispute Resolution Agreement supersedes any contrary terms regarding dispute resolution in any other agreement between the parties.

(Doc. 12.1 at 10).

The opt-out provision provided in Section 13F of the Terms states:

> Customer (both for itself and for any Advertiser that Customer represents) and Advertiser have the right to opt out of this Dispute Resolution Agreement. A Customer or Advertiser who does not wish to be bound by this Dispute Resolution Agreement (including its waiver of class and representative claims) must notify Google as set forth below within 30 days of the first acceptance date of any version of these Terms containing an arbitration provision (unless a longer period is required by applicable law). Customer's or Advertiser's notice to Google under this subsection must be submitted via webform available at ads.google.com/nav/arbitration. An opt-out notice does not revoke or otherwise affect any previous arbitration agreement between Customer and Google or between Advertiser and Google.

(Doc. 12.1 at 12).

The plain language of the opt-out provision places an affirmative duty on the Customer or Advertiser to notify Google "within 30 days of the first acceptance date of any version of [the] Terms containing an arbitration provision." (Doc. 12.1 at 12). Plaintiff does not argue that he affirmatively opted out. Instead, he argues that the Court or Defendant should "assume" that he opted out because his account was terminated. (Doc. 23 at 1). Such an assumption is unreasonable when the plain language of the Terms explains what a Customer must do to opt out of the Terms.

Finally, Plaintiff would like the Court to consider the public policy considerations of the FDUTPA. Id. at 2. Such a consideration is unnecessary. Plaintiff and Defendant contracted to arbitrate this case through the Terms of Defendant's services. Plaintiff agreed to these Terms and did not opt-out. This matter shall go to arbitration.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Objection (Doc. 23) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 22) is **ADOPTED as supplemented** as the opinion of this Court.

3. Defendant's Motion to Compel Arbitration (Doc. 12) is **GRANTED**.

4. This case is **STAYED** and the Clerk of Court shall administratively close this file until further order of the Court.

USCA11 Case: 23-11974    Document: 23    Date Filed: 09/07/2023    Page: 17 of 18

5. On or before **September 8, 2023**, the parties shall file a status report that informs the Court of the status of arbitration. The parties shall file updated status reports every 90 days thereafter until arbitration is complete.

**DONE** and **ORDERED** in Jacksonville, Florida this 8th day of June 2023.

BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record
Unrepresented Parties